**PACIFIC JUSTICE INSTITUTE**
PO Box 89517, Tucson, AZ 85752
(520) 740-1447/Fax (520) 829-3620
lgoar@pji.org
LYNN ERIC GOAR, ESQ. (S.B.A. #012484)
Attorney for Plaintiff

*IN THE UNITED STATES DISTRICT COURT*

*DISTRICT OF ARIZONA*

| | |
|---|---|
| Stephanie Linton, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Brookdale Senior Living, Inc., ) <br> ) <br> Defendant. ) <br> ) | **C O M P L A I N T** <br> **(Jury Trial Demanded)** |

Plaintiff complains and alleges as follows:

1. Defendant is a Delaware corporation that provides healthcare and other services primarily to senior adults, including rental units. It is located in and does business in Maricopa County, Arizona. Defendant has more than 15 employees.

2. Plaintiff had been employed by Defendant as the Sales Manager for eight years until September 30, 2021, when she was terminated from that employment.

3. In August 2021, Defendant instituted a policy of mandatory Covid 19 vaccinations. Defendant considered requests for religious exemptions from the vaccine mandate. Plaintiff timely submitted such a request which was denied by Defendant, despite the fact that her sincerely held religious objections the vaccine could have been easily accommodated as she had very little contact with residents, residents' family members, the public, or other employees, and that that she was willing to continue to take all other reasonable precautions as she had during the previous approximately 18 months of the "pandemic."

4. Defendant's denial of Plaintiff's religious objections to taking the mandatory vaccine and termination of her employment violated her religious liberty.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### Termination and Retaliation based on Religion

5. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

6. Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a)(1)) it is unlawful to discharge any individual or otherwise discriminate against them with respect the his or her compensation, terms, conditions, or privileges of employment because of the individual's religion; or to limit, segregate, or classify an employee in any way which would deprive or tend to deprive them of employment opportunities or otherwise adversely affect his or her status as an employee because of his or her religion.

7. Plaintiff was an employee covered by the requirements of 42 U.S.C. §2000e, et seq.

8. Plaintiff has a deeply sincere religious objection to receiving the Covid 19 vaccination and Defendant denied her request for reasonable accommodation of her belief.

9. Plaintiff's sincerely held religious beliefs were the basis of Defendant's termination of her employment. Defendant's actions were an intentional violation of Plaintiff's religious rights protected under Title VII of the Civil Rights Act of 1964.

10. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

11. Plaintiff is also entitled to punitive damages in such an amount that will punish Defendant for its unlawful and discriminatory actions, and to deter it and others from engaging in similar conduct in the future.

## COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### Failure to Provide Religious Accommodation

12. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

13. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee.

14. Plaintiff's sincerely held religious beliefs were not accommodated by Defendant. Defendant's actions were an intentional violation of Plaintiff's religious rights protected under Title VII of the Civil Rights Act of 1964.

15. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

## COUNT III – VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT

16. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

17. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment discrimination contrary to Arizona Revised Statute §41-1463.

18. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment retaliation contrary to Arizona Revised Statute §41-1464.

19. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees incurred herein.

## **COUNT IV – WRONGFUL TERMINATION**

20. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

21. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment discrimination contrary to Arizona Revised Statute §23-206.

22. As a direct and proximate result of the employment discrimination, retaliation, and violation of A.R.S. §23-206, Plaintiff has suffered emotional distress, lost employment opportunities, lost employee benefits, and has experienced and will continue to experience lost income, all to her general and special damages.

23. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

WHEREFORE, Plaintiff demands Judgment against the Defendant as follows:

A. For compensatory damages in such an amount as will reasonably and adequately compensate her for her injuries and damages, be they special or general, including pre-judgment interest on all liquidated damages, and post-judgment interest;

B. For taxable court costs incurred herein;

C. For attorney's fees; and

D. For other relief as this Court deems just and proper under the circumstances.

Dated: May 5, 2023.

**LAW OFFICE OF LYNN ERIC GOAR, P.C.**

/s/ *Lynn Goar*
LYNN ERIC GOAR